AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### Northern District of West Virginia

2020 JAN 15 PM 1:14

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Bobbi Jo Starry | ) | Case No. 3:17cr35 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Bobbi Jo Starry                                                                                     ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment         ☐ Superseding Indictment      ☐ Information       ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition       ☒ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

SEE ATTACHED ORDER

Date:    01/09/2020

Cheryl Dean Riley

*Issuing officer's signature*

City and state:    Martinsburg, West Virginia                    T. Gregory, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____  |
| *Arresting officer's signature* |
| *Printed name and title* |

PROB 12C
(Rev 03/15 WVN)

# United States District Court
### for the
### Northern District of West Virginia

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Bobbi Jo Starry  Case Number: 3:17CR35

Name of Sentencing Judicial Officer: Honorable Gina M. Groh, Chief U.S. District Judge

Date of Original Sentence: October 16, 2017

Original Offense: Failure to Register as a Sex Offender; 18 U.S.C. § 2250(a), a Class C Felony

Original Sentence: 21 months custody followed by 10 years supervised release; $100 SAF

Type of Supervision: Supervised Release  Date Supervision Commenced: January 18, 2019

## PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

[ ] No action - A warrant has previously been requested pursuant to the original petition.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| 1 | **Violation of Mandatory Condition No. 5: You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.** <br><br> On January 25, 2019, the defendant was arrested by the West Virginia State Police, Wheeling Detachment, and charged with Failure to Register as a Sex Offender. According to the Complaint filed, the defendant failed to meet with the West Virginia State Police, Wheeling Detachment for her initial registration process after being released from custody to update her Sex Offender Registry as required by law. This charge remains pending at this time. (See attached copy of the Criminal Complaint). |
| 2 | **Violation of Mandatory Condition No. 5: You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.** |

I hereby certify that the attached instrument
is a true and correct copy of the original filed
in my office.
ATTEST: Cheryl Dean Riley
Clerk, U.S. District Court
Northern District of West Virginia

Prob12C　　　　　　　　　　　　　　-2-　　　　　　　　　　　　Petition for Warrant or Summons
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　for Offender Under Supervision

On October 25, 2019, it was determined the defendant was maintaining a fake Facebook account. In doing so, she failed to register this account with the West Virginia State Police and is in non-compliance with their registration requirements.

3　　Violation of Mandatory Condition No. 5: You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

On November 26, 2019, the undersigned was provided an undocumented telephone number for the defendant. The probation officer confirmed this number with the defendant. This number was not provided to the West Virginia State Police either, placing her in non-compliance with their registration requirements.

4　　Violation of Standard Condition No. 7: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of the change or expected change.

On January 1, 2020, the undersigned was advised by the director of the Mary Martha Women's House, that the defendant left this date and was no longer a resident. The defendant's current whereabouts are unknown.

5　　Violation of Standard Condition No.2: After initially reporting to the probation officer, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

On December 6, 2019, the defendant was notified of her change in reporting status and she was required to report the first Tuesday of every month. She was instructed to report on January 7, 2020, but she failed to do so.

6　　Violation of Special Condition No. 6: You must participate in a sex-offense specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program.

On January 8, 2020, the defendant's treatment provider, Dr. Nazzaro, reported she was a no show for her appointment time at 1:00 pm.

Prob12C                                    -3-                    Petition for Warrant or Summons
                                                                  for Offender Under Supervision

U. S. Probation Officer Recommendation: The Probation Officer is recommending a warrant be issued for the defendant's arrest and the defendant's term of supervised release be revoked. Based on the nature of the violations set forth in this petition, combined with her current location being unknown, it appears the offender can be considered a danger to the community. She has also demonstrated her unwillingness to comply with the conditions of her supervision, making her unsupervisable.

The term of supervision should be:

☐ Revoked*

   *The probation officer's request for a warrant is a recommendation that the offender be detained pending a dispositional hearing.

☐ Extended for year(s), for a total term of year(s).

☐ The conditions of supervision should be modified as follows:
   (cond)

Respectfully submitted.

By: *[signature]*
Matthew T. Schmitt
U. S. Probation Officer
Date: January 9, 2020

Prob12C     4     Petition for Warrant or Summons
for Offender Under Supervision

## THE COURT ORDERS

☑ The Issuance of a Warrant
    ☑ Upon arrest detained and the petition in this matter be unsealed
    ☐ Upon arrest released on (type) bond and the petition in this matter be unsealed

☐ The Issuance of a Summons

☐ Other

☐ No Action. A warrant has previously been requested pursuant to the original petition.

_____
Signature of Judicial Officer

_____
Date     Jan. 9, 2020

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT: BOBBI JO STARRY
CASE NUMBER: 3:17CR35

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: Ten (10) years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: BOBBI JO STARRY
CASE NUMBER: 3:17CR35

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or other designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possess a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _Bobbi Jo Starry_   Date 1-23-19

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: BOBBI JO STARRY
CASE NUMBER: 3:17CR35

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

2. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3. You must not use or possess alcohol.

4. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

5. You must participate in a sex offense-specific assessment.

6. You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program.

7. You must take all medications that are prescribed by your treating physician.

8. You must not communicate with, or otherwise interact with, the victim from your underlying sex offense case, either directly or through someone else.

9. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

10. You must not go to, or remain at, any place for the primary purpose of observing or contacting children under the age of 18, or where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, public pools, ball fields, zoos, and childcare facilities.

11. During your period of supervision, you must notify your employers, family, friends, and others with whom you have regular contact of your conviction and/or history as a sex offender and that you are being supervised by a United States Probation Officer.

12. You must not engage in any forms of exhibitionism, voyeurism, obscene phone calls, or other lewd or lascivious behavior, nor must you engage in any form of "grooming" behavior that is meant to attract, seduce, or reduce resistance or inhibitions of a potential victim.

13. You must not possess bindings, restraints, handcuffs, or similar items.

14. You must not own, use or have access to the services of any commercial mail receiving agency or storage unit, nor must you open or maintain a post office box or storage unit without the prior approval of the probation officer. You must provide the probation officer with a list of all P. O. boxes and/or storage units to which you have access.

15. You must not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of 18 without written permission from the Court. Under no circumstances must you be engaged in a position that involves being in a position of trust or authority over any person under the age of 18.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3E — Supervised Release

Judgment—Page 6 of 8

DEFENDANT: BOBBI JO STARRY
CASE NUMBER: 3:17CR35

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

16. You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise your sex offense-specific treatment.

17. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

18. You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search.

**IN THE MAGISTRATE COURT OF** ___Ohio___ **COUNTY, WEST VIRGINIA**

State of West Virginia

v.

Case No. _19-M35F-00026_

☐ Misdemeanor / ☒ Felony

| | |
|---|---|
| Bobbi Jo Starry | |
| Defendant (Full Name) | Social Security Number / Date of Birth |
| Mary and Martha House | |
| Address | Driver's License / Identification Number |
| Wheeling, WV 26003 | |
| City, State & Zip Code | Phone Number(s) |

## CRIMINAL COMPLAINT

*Mag. Ct. Criminal Procedure Rule 3, 4; 18 U.S.C § 921(a)(33)*

I the undersigned complainant, upon my oath or affirmation, state the following is true and correct to the best of my knowledge and belief. On or about __01/25/19__, in __Ohio__ County, West Virginia, in violation of *West Virginia Code § (write specific section, subsection, and/or subdivision if applicable)* Sex Offender Registry Violation/Lifetime, First Offense - 15-12-8(c) (x3) the defendant did *(state statutory language of the offense)* Any person required to register for life pursuant to this article who knowingly refuses to provide accurate information when so required by the terms of this article, or who knowingly fails to register or knowingly fails to provide a change in any required information as required by this article, is guilty of a felony.

I further state that this complaint is based upon the following facts: On Friday, 25 January 2019, the undersigned officer was assigned a Sex Offender Registry Violation investigation. Said investigation is concerning the Sex Offender Registry of Bobbi Jo Starry, the defendant. The defendant is required to register as a Sex Offender for life in the State of West Virginia as a result of a conviction of Sexual Assault-Third Degree in Berkeley County, West Virginia on 04 January 2008 in which the victim was a minor. ***See attached*** (KP)

Continued on all attached sheet? ☒ Yes ☐ No

*(If this complaint involves misdemeanor assault/battery [West Virginia Code § 61-2-9] or misdemeanor domestic assault/battery, [West Virginia Code. § 61-2-28], check all that apply.)*

The defendant
☐ is/was the victim's spouse.
☐ is/was a parent or guardian of the victim.
☐ has a child in common with the victim.
___ is/was living with the victim as a spouse, parent, or guardian.
___ is a person who is like a spouse, parent, or guardian of the victim.
☒ has none of the above connections to the victim.

| Complainant (who appears before Magistrate): | On this complaint, sworn or affirmed before me and signed in my presence on this date by the complainant, the item(s) checked below apply: |
|---|---|
| K. M. Parker | |
| Complainant Name (Full Name) | **Finding** / **Issuance** |
| 2600 Eoff Street | ・No probable cause found / ☐ Summons issued |
| Address | X Probable cause found / ☒ Warrant issued |
| Wheeling, WV 26003 | ☐ Warrantless arrest |
| City, State & Zip Code | |
| (304) 238 - 1100 | |
| Phone Number(s) | |
| Senior Trooper-WVSP | |
| Office or Title, if any | |
| 01/25/19 | 1/25/19 |
| Date / Complainant Signature | Date / Magistrate Signature |

MCRCRCO Rev. 06/2012 (previously MCRCOMP) Criminal Complaint
‡-WVSCA Approved: 06/06/2012 Docket Code(s): MFFCF / MMFCF

Page 1 of 1

CASE NO. 19-M35F-00026

(Criminal Complaint Continued)
***Continued***

The defendant previously registered as a Sex Offender with the West Virginia State Police-Keyser Detachment. The defendant was convicted on a federal charge of Failure to Register as a Sex-Offender on 16 October 2017. As a result of said conviction, the defendant served time in an out of State federal correctional facility. Upon her release, the defendant moved to Wheeling, West Virginia. The defendant contacted the West Virginia State Police-Wheeling Detachment on 22 January 2019 via public service to advise she would be residing at the Mary and Martha House in Wheeling. The defendant advised she arrived in Wheeling, West Virginia on 21 January 2019. The defendant was advised she would need to travel to the Wheeling Detachment in order to register as a Sex Offender. On 23 January 2019, Sergeant R. M. Hogan contacted the defendant again via public service to advise her she would need to travel to the Wheeling Detachment to complete her Sex Offender Registry. The defendant advised she was unable to travel to the Wheeling Detachment and would contact Troopers at a later time. As of 25 January 2019, the defendant has made no further attempts to register as a Sex Offender with the West Virginia State Police.

On 25 January 2019, the undersigned officer contacted the Federal Probation Officer of the defendant, Matthew Schmitt. Matthew Schmitt advised the undersigned officer the defendant has been residing in Wheeling, West Virginia since Friday, 18 January 2019, and he advised her she needed to travel to the Wheeling Detachment to register as a Sex Offender as soon as possible.

The defendant had three days to register as a Sex Offender with the West Virginia State Police in order to remain compliant. The undersigned officer is seeking Arrest Warrants for the defendant on three counts of Sex Offender Registry Violation-Lifetime/First Offense: 1) Failing to provide the West Virginia State Police with a physical address, 2) Failing to provide the West Virginia State Police with a mailing address, and 3) Failing to provide the West Virginia State Police with her public service number.

These events occurred in Ohio County.

SCA-M310-2/11-93

White - return
Green - defendant
Yellow - file
Pink - complainant
Goldenrod - prosecutor

## VIOLATION WORKSHEET

1. Defendant: Bobbi Jo Starry

2. Docket Number (Year-Sequence-Defendant No.): 3:17CR35

3. District/Office: Northern District of West Virginia/Wheeling

4. Original Sentence Date: October 16, 2017

(If different than above)
5. Original District/Office (if different than above):

6. Original Docket Number (Year-Sequence-Defendant No.):

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | | Grade |
|---|---|---|
| • No. 1 | Failure to comply with SORNA | C |
| • No. 2 | Failure to comply with SORNA | C |
| • No. 3 | Failure to comply with SORNA | C |
| • No. 4 | Failure to provide the probation office with change of address | C |
| • No. 5 | Failure to report as instructed | C |
| • No. 6 | Failure to comply with sex-offense specific treatment | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**

9. Criminal History Category (see §7B1.4(b)): **IV**

10. Range of Imprisonment (see §7B1.4(a)): **6 - 12 months**

11. Sentencing Options for Grade B and C Violations Only (check the appropriate box):

   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

X  (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: Bobbi Jo Starry

12. **Unsatisfied Conditions of Original Sentence:**

    *List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed, in connection with the sentence for which revocation is ordered, that remains unpaid or not served at the time of revocation (see § 7B1.3[d]):*

    | Restitution($): | N/A | Community Confinement: | N/A |
    |---|---|---|---|
    | Fine($): | $75 | Home Detention: | N/A |
    | Other: | N/A | Intermittent Confinement: | N/A |

13. **Supervised Release:**

    If Probation is to be revoked, determine the length, if any, of the term of Supervised Release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: **N/A**

    If Supervised Release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence Supervised Release upon release from imprisonment (see 18 U.S.C. § 3583(e) and §7B1.3(g)(2).

    Pursuant to 18 U.S.C. § 3624(e), multiple terms of Supervised Release are to run concurrently.

    Period of Supervised Release to be served following release from imprisonment:

    Lifetime period of Supervised Release

14. **Departure:**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    N/A

NOTE: The maximum term of imprisonment imposable upon revocation of Supervised Release for a Class C Felony is 24 months, pursuant to 18 U.S.C. § 3583(e)(3).